IN RE ESTATE OF MINOR H. SAMS.

FRANK ANDERSON et al., Appellants, v. ORR W. SAMS et al., Appellees.

No. 42849.

FEBRUARY 5, 1935.

Judson E. Piper and Grant L. Hayes, for appellants.

Lewis & Lewis, Spence & Beard, and Joseph P. Healey, for appellees.

RICHARDS, J.—Decedent's original will was dated August 14, 1917, and a portion thereof is in the following words:

"Third. I hereby give and bequeath to my adopted son, Orr W. Sams a bequest of Ten Thousand Dollars ($10,000.00) on certain terms and conditions only which must be met and complied with by the said Orr W. Sams before this bequest is in any way manner or interpretation to become effective which terms and conditions are as follows, to-wit: First. The said Orr W. Sams is to go on and complete his education through the High School and Four years of College Course."

"Second. He is to abstain from all those things that lead him into a dissipated life and make him an undesirable citizen. If in the judgment of my executors and Trustees, hereinafter named, he is complying with the previous named requirements, they are hereby authorized and directed to pay to him the said Orr W. Sams the net income of this aforesaid bequest of $10,000.00 dollars, yearly or semi-yearly till he reaches the age of Thirty years, when, if in the fair judgment and opinion of my said executors and trustees, the said Orr W. Sams has at least substantially met and fulfilled the above named requirements and is at that time a reasonable good citizen they shall pay over to him the said bequest and the same becomes effective, but if he has not at least substantially met the requirements then the said bequest does not become effective and he is to have none of it, and the said Executors or trustees are hereby directed to pay Five thousand ($5,000.00) of said Ten Thousand Dollars ($10,000) to the Trustees of Union College a Baptist Educational Institution located at Des Moines, Iowa, to become a part of its endowment Fund and used for educational purposes, and the other Five Thousand to be paid to S. E. Wilcox Secretary of the Iowa State Convention or his successor to be apportioned and distributed among the various Mission Funds according to the Baptist State Plan."

In the fourth paragraph of the will the residue of the estate is devised to the living nephews and nieces of decedent and of his wife. In the fifth paragraph two brothers-in-law of decedent are appointed as executors and trustees, and the provisions made that in case of their death or inability to act the court shall appoint such executors and trustees for carrying out the provisions of the will.

On September 14, 1918, decedent executed a codicil providing that $2,300 borrowed by him on a $10,000 life insurance policy on his life be paid from the proceeds of a $5,000 policy; the codicil then containing the following words:

"The purpose and object being to have this Ten Thousand Dollars in tact and set aside by my executor and trustee for income for my adopted Son Orr W. Sams to use in going to school and for his education as provided in my said Will and I do hereby make this a Codicil to be attached and become a part of said Will."

Testator died September 15, 1918. The adopted son, Orr W. Sams, reached the age of 30 years on June 12, 1932.

The appellants ground their exceptions to the reports of the trustees on the claim that the trustees, in finding and recommending as they did in their reports, abused their discretion. Appellants state that they do not question the good faith of the trustees. On the trial the trustees offered in evidence their reports and rested. The appellants then assuming the burden of proof, which rested on them, sought to establish their exceptions by an oral examination of the trustees, and of one other witness whose testimony is of slight assistance.

Being a proceeding in probate, this controversy is not reviewable de novo, but the appeal is for correction of any errors at law. The error relied on for reversal, stated in various forms, is that the court erred in not holding that the reports of the trustees constituted an abuse of their discretion. Appellants claim the trustees abused their discretion in two respects, namely, in finding and reporting that the adopted son had met and fulfilled the educational requirements, and in finding and reporting that the requirements as to conduct of the adopted son had been met and fulfilled, all in accord with the provisions of the will.

Considering the educational requirement, the provision is that, "Orr W. Sams is to go on and complete his education through the high school and four years of college course." The evidence establishes that Orr W. Sams attended schools and colleges intermittently. He would study awhile and quit awhile. He attended a number of high schools, colleges, and training schools, and graduated from a course in business management in a correspondence school. He was three years in the navy, including a year at the Great Lakes Training School. He spent five years in the employment of one Wernecke, in Chicago, receiving the training which has enabled him to follow the business of a commercial decorator.

No diploma of graduation from any high school or college was received excepting from the eighth school grade and from the correspondence school. The trustees testified that they had investigated

the amount of attendance and work done by Orr W. Sams in these various lines of training and education, and that they found that the educational accomplishments of this beneficiary were the equivalent of a high school course and a four years' college course, and that the beneficiary had at least substantially met and fulfilled the educational requirements of the will. Whether the court should have held that the trustees abused their discretion in said finding depends, among other things, upon whether the trustees under the terms of the will were empowered to adopt as a fulfillment of the condition, an educational accomplishment that was not a formal high school and college course following a prescribed curriculum, but which in their opinion was an educational equivalent thereof.

The character of the discretion given the trustees to pay the bequest, if in their fair judgment and opinion the beneficiary "has at least substantially met and fulfilled the above named requirements", negatives the intent of testator to impose a strict or literal performance. These words indicate that the thing required was a performance in such manner as to effect the essence or substance of the testator's purpose in imposing the educational requirement. This essence or substance of the testator's purpose was an education to be acquired by his adopted son. Testator measured this education in terms of a high school and college education. It follows that an education measuring up to a high school and college education, though lacking the formal and nonessential things, accomplishes the testator's purpose. We accordingly hold that the will gave the trustees the discretion to give consideration to the educational accomplishments of this beneficiary, though it was not a consecutive and formal high school and college education, and to exercise their judgment and opinion whether in their essence or substance these accomplishments measured up to and constituted an equivalent of a high school and college education. Our conclusion finds support in the well-established rule that an heir at law should not be disinherited on the strength of a doubtful construction of a will, and should not be disinherited except by express declaration or devise or by necessary implication from the testator's language. See Anderson v. Wilson, 155 Iowa 415, 136 N. W. 134, and Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25.

The trustees carefully investigated the facts as to the education actually acquired by the adopted son, and one of them had had personal acquaintance with him for a considerable period. From

the record, without setting out the details more fully than we have, we are of the opinion the court did not err in holding that the trustees did not abuse their discretion in finding and reporting that the education acquired was the equivalent of a high school and college education and was a compliance with the condition of the will. This question of fact was one on which fair and reasonable minds might come to different conclusions.

The conditions imposed by testator that the beneficiary "is to abstain from all those things that lead him into a dissipated life and make him an undesirable citizen", and that the beneficiary shall at the age of 30 years be a reasonably good citizen, indicate that the testator imposed on the trustees the duty to exercise their discretion not only with fairness but with tolerance. This beneficiary was the only child of testator, though a child by adoption, and this relationship began in the early infancy of the adopted son. When the son was 15 or 16 years of age, testator had him committed for nine months in the Iowa Training School for Boys at Eldora. After the son's return, testator executed the codicil affirming the will and giving specific directions to make certain that money for this $10,000 bequest would be available. These were the circumstances surrounding the making of the will and the codicil.

The evidence shows that the son had his shortcomings. But despite that fact the record is such as to warrant the court in holding that the trustees did not abuse their discretion in finding that the son had met the requirements as to conduct and in finding that at 30 years of age the son was a reasonably good citizen. There is no useful purpose in detailing the evidence in that respect excepting to say that when the son reached the age of 30 years "he had settled down in life" as the expression is, supporting his wife and child, earning a competence in useful occupation, living in good surroundings in a good neighborhood, respected by those who knew him. The substantial purposes of the testator, as expressed in his will, seem to have been accomplished.

The order and decree of the court below is affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, and PARSONS, JJ., concur.